UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA GREEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.<br><br>　　　　　Defendants. | 1:23-cv-00973-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO COMPLY WITH COURT ORDERS AND TO PROSECUTE THIS CASE<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

Plaintiff Victoria Green proceeds with counsel in this civil rights lawsuit filed pursuant to 42 U.S.C. § 1983. Because Plaintiff has failed to comply with three orders to file an application to proceed *in forma pauperis* (IFP) or pay the $402 filing fee, the Court will recommend that this case be dismissed without prejudice for failure to comply with the Court's orders and to prosecute this case. (ECF Nos. 5, 8, 10).

**I.     BACKGROUND**

This civil rights action under 42 U.S.C. § 1983 was filed by six state prisoners. (ECF Nos. 1, 2). However, on June 29, 2023, United States Magistrate Judge Gary S. Austin issued an order, concluding that the Plaintiffs could not proceed together in a single action and ordering (1) the Clerk to open a new case so that each Plaintiff could proceed individually; (2) the Clerk to randomly assign each new case to a Magistrate Judge; (3) the Clerk to file each Plaintiff's *in forma pauperis* (IFP) application in the appropriate case; and (4) for each Plaintiff to file a new

1

amended complaint or notice of voluntary dismissal within forty-five days. (ECF No. 1).

This order led to the undersigned being assigned to the instant case involving Plaintiff Victoria Green. While the Clerk filed an IFP application on this case's docket (ECF No. 3), that IFP application relates to a different Plaintiff, Charlene Stith, who now proceeds individually in a separate case, 1:23-cv-00947-ADA-GSA. Moreover, it does not appear that Victoria Green ever filed an IFP application in the original case; rather, it appears that Charlene Stith mistakenly filed two IFP applications. (ECF Nos. 4, 8 - 1:23-cv-00947-ADA-GSA).

Based on these circumstances, the Court issued an order on June 30, 2023, ordering Plaintiff to submit an IFP application or pay the filing fee within 45 days. (ECF No. 5). After Plaintiff failed to do so, the Court issued another order on August 18, 2023, granting Plaintiff a *sua sponte* extension to August 28, 2023, to submit an IFP application or pay the filing fee. (ECF No. 8). After Plaintiff again failed to do so, the Court issued a minute order on August 29, 2023, granting Plaintiff another *sua sponte* extension to September 6, 2023, to submit an IFP application or pay the filing fee. (ECF No. 10). However, Plaintiff has still failed to file an IFP application or pay the filing fee. Notably, in each of its three orders, the Court warned Plaintiff that failure to comply with the order could result in dismissal of this action. (ECF Nos. 5, 8, 10).

## II.    ANALYSIS

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to

routine noncompliance of litigants. . . ." *Id.* Plaintiff has failed to file a completed *in forma pauperis application* or otherwise pay the filing fee. This failure is delaying this case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to file an IFP application or otherwise pay the filing fee that is causing delay and preventing this case from progressing. The Court is unable to proceed unless Plaintiff is granted *in forma pauperis* status or pays the filing fee. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has failed to comply with three Court orders, despite being warned of possible dismissal, there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. At this stage of the proceedings, excluding evidence would be a meaningless sanction. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.* After weighing the factors, the Court finds that dismissal without prejudice is appropriate.

### III. CONCLUSION AND RECOMMENDATIONS

Based on the above reasons, the Court RECOMMENDS that:

1. This case be dismissed, without prejudice, because of Plaintiff's failure to comply with Court orders and prosecute this case; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated: __September 11, 2023__         /s/ Erica P. Grosjean
                                                    UNITED STATES MAGISTRATE JUDGE