UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA GREEN,<br><br>           Plaintiff,<br><br>       v.<br><br>GREG RODRIGUEZ, MICHAEL PALLARES,<br><br>           Defendants. | Case No.  1:23-cv-00973-JLT-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION TO DISMISS BUT GRANT PLAINTIFF LEAVE TO AMEND[1]<br><br>FOURTEEN DAY DEADLINE |

Plaintiff Victoria Green is a state prisoner proceeding through counsel on her First Amended Complaint for Violation of Civil and Constitutional Rights under 42 U.S.C. § 1983. (Doc. No. 9, "FAC"). Defendants California Department of Corrections and Rehabilitation (CDCR), M. Pallares, and Dotson filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). (Doc. No. 24). Plaintiff filed an opposition (Doc. No. 38), and Defendants filed a reply (Doc. No. 39). For the reasons set forth below, the undersigned recommends the district court grant the motion to dismiss as to Defendant Pallares; find the motion moot as to Defendant California Department of Corrections ("CDCR") and Dotson; and allow Plaintiff leave to amend her Eighth Amendment claim against Pallares.

///

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Eastern District of California Local Rule 302 (E.D. Cal. 2025).

**I.   BACKGROUND**

**A.   Case Initiation and the FAC**

On June 23, 2023, Plaintiff and five other inmates initiated this action by filing a complaint against multiple defendants. (Doc. No. 2). Subsequently, the Court determined that "each Plaintiff should proceed separately on their own claims" such that the Court severed the case into six separate actions and ordered each Plaintiff to file a new amended complaint in their corresponding case. (Doc. No. 1).

Plaintiff filed her FAC on August 28, 2023, naming the following Defendants: State of California, CDCR, Officer Greg Rodriguez, Acting Warden Miachael Pallares, and Does 1 to 30. (Doc. No. 9 at 1). Defendant Pallares is sued in his individual capacity. (*Id.* at 4, ¶ 8). The FAC alleges that at all relevant times, Plaintiff was incarcerated at CDCR's Central California Women's Facility ("CCWF"), where Defendant Pallares was the acting warden. (*Id.*). "[A]t various and repeated times in November and December 2021," various CCWF employees, including but not limited to Defendant Rodriguez, "coerced, intimidated and threatened [Plaintiff] that if she did not perform sexual acts with those men that they would take punitive action against her including placing her in solitary confinement or (Ad Seg), or other punitive and uncomfortable punishments." (*Id.* at 6, ¶ 18). "Officer Rodriguez on several occasions came up behind [Plaintiff] and attempted to have sex with her from behind by placing his penis between her legs." (*Id.*). Plaintiff faults CDCR and Pallares for "not properly investigat[ing] prior claims of sexual harassment, physical and sexual assaults committed against inmates by Defendants at CCWF." (*Id.* at 8, ¶ 29). She further alleges that California, CDCR, and Pallares "made intentional decisions with respect to the individual co-defendants that allowed them to have unmonitored access to areas not subject to video surveillance or other monitoring." (*Id.* at 8, ¶ 31).

Based on these allegations, Plaintiff asserts four claims: (1) cruel and unusual punishment/excessive force against Rodriguez and Pallares; (2) right to bodily integrity against Rodriguez and Pallares; (3) failure to protect against California, CDCR, and Pallares; and (4) supervisory liability against California, CDCR, and Pallares. (*Id.* at 6-11).

**B. Defendant's Motion**

On October 1, 2024, CDCR, Pallares, and Dotson moved to dismiss the claims against them. (Doc. No. 24). Defendants first argue CDCR is immune from suit in federal court under the Eleventh Amendment and cannot be sued under 42 U.S.C. § 1983 because it is not a person. (Doc. No. 24-1 at 5-6).

As to the claims against Pallares, Defendants argue Plaintiff's first claim for cruel and unusual punishment/excessive force fails because "an Eighth Amendment claim for sexual assault requires that the plaintiff allege the defendant touched the plaintiff in a sexual manner or otherwise personally engaged in sexual misconduct for the defendant's own gratification," but the FAC "contains no allegations that Defendant Pallares used any force or touched Plaintiff at all, much less in a sexual manner, or otherwise engaged in any sexual misconduct with Plaintiff." (*Id.* at 6-7). Additionally, Defendants argue Pallares is entitled to qualified immunity on this claim because "it was not clearly established that a warden could violate the Eighth Amendment's prohibition against excessive force and sexual assault based on an officer's sexual assault when unaccompanied by any sexual touching, sexual misconduct, or other personal participation in the sexual misconduct by the warden." (*Id.* at 8).

Next, Defendants argue Plaintiff's Fourteenth Amendment right to bodily integrity claim is not cognizable because the Eighth Amendment governs convicted inmates' claims regarding alleged sexual assault. (*Id.* at 10). Further, Defendants argue that "even if the Court is inclined to recognize such a claim, it would fail as to Defendant Pallares for the same reasons stated with respect to the Eighth Amendment claim, as Plaintiff as alleged no sexual touching or other sexual conduct by Defendant Pallares." (*Id.* at 10-11). As with the previous claim, Defendants argue Pallares is entitled to qualified immunity because "it is not clearly established that convicted inmates can state a 'bodily integrity' claim under the Fourteenth Amendment." (*Id.* at 11).

Turning to Plaintiff's failure to protect claim, Defendants argue Plaintiff has not alleged sufficient facts to state a claim because she makes only vague and conclusory allegations, but "does not allege that she reported any misconduct by a Defendant, or any other prison staff member." (*Id.* at 13). As to the supervisory liability claim, Defendants argue such fails because

3

there is no *respondeat superior* liability under 42 U.S.C. § 1983 and the FAC does not allege "any facts plausibly suggesting that Defendant Pallares was on notice that Defendant Rodriguez or any other staff were sexually assaulting inmates." (*Id.* at 13-14). Defendants argue this failure to allege sufficient facts to support the claim also entitles Pallares to qualified immunity. (*Id.* at 14-15). Finally, Defendants argue dismissal with prejudice is proper because amendment would be futile and ask the Court to screen the FAC as to the remaining, unserved Defendants. (*Id.* at 15-16).

### C. Subsequent History and Plaintiff's Opposition

On October 29, 2024, the previously assigned magistrate judge ordered Plaintiff to file a response to Defendants' Motion within thirty days. (Doc. No. 27). Approximately two weeks later, the magistrate judge ordered Plaintiff's counsel to inform the Court which Defendants still remained in the case and inform the Court which Defendants, if any, Plaintiff wished to voluntarily dismiss. (Doc. No. 29). The same day, the magistrate judge ordered Plaintiff to inform the Court why proofs of service had not been filed or to file the appropriate proofs of service within seven days. (Doc. No. 28). On January 2, 2025, after Plaintiff failed to respond to the Court's orders, the Court entered an order once again instructing Plaintiff to indicate which Defendants remained and which Defendants she wished to voluntarily dismiss, and to inform the Court why proofs of service had not been filed. (Doc. No. 30). On January 6, 2025, Plaintiff filed a response to the Court's order requesting the Court voluntarily dismiss Defendants California and CDCR and asking that Defendants Pallares and Rodriquez remain in this action. (Doc. No. 31).

On July 3, 2025, this matter was reassigned to the undersigned magistrate judge. (Doc. No. 33). Following review of the file, the undersigned ordered Plaintiff to file an amended complaint or response to Defendants' Motion and to show cause why Defendant Rodriguez should not be dismissed under Federal Rule of Civil Procedure 4(m). (Doc. Nos. 34, 35). The undersigned also noted the dismissal of Defendants California and CDCR. (Doc. No. 35). On August 14, 2025, Plaintiff filed a return of service, indicating Rodriquez was served on May 28, 2024. (Doc. No. 36).

4

Also on August 14, 2025, Plaintiff filed her opposition to Defendants' Motion. (Doc. No. 38). Plaintiff argues Pallares need not have been involved in the actual sexual assault but rather can be held liable for her claim of cruel and unusual punishment based on his deliberate indifference to Plaintiff's safety. (*Id.* at 4-7). In her opposition, Plaintiff argues that claims "had been made against Officer Rodriguez for years prior to [her] claims" and Rodriguez's "methods of taking the women into the Parole Board hearing room, where no cameras were installed, was well known throughout the prison" such that Pallares's "failure to make himself familiar with these claims and blindly allow these atrocities to continue, or, worse, to ignore them altogether, results in liability to him under the 8th Amendment." (*Id.* at 6-7). Plaintiff next asserts that "Warden Pallares makes the surprising argument that since [Plaintiff] was a prison inmate, and not simply a detainee, she lost her right to bodily integrity" and "[t]hat claim is just wrong." (*Id.* at 7-8). Plaintiff relies on *Vazquez v. County of Kern*, 949 F.3d 1153 (9th Cir. 2020), to support her argument that she can bring a Fourteenth Amendment bodily integrity claim.

As to Defendants' argument that Plaintiff's claims for failure to protect and supervisory liability are redundant, Plaintiff argues "[r]edundancy is not a valid basis for dismissal, and Plaintiff is not arguing for *respondeat superior* liability against Pallares," but rather argues her "failure to protect claim under the Eighth Amendment against Pallares is asserting liability for Pallares's culpable inaction and is properly plead." (*Id.* at 8-9). Plaintiff asserts that she was "sexually harassed, assaulted and raped by Defendant Rodriguez while at CCWF and *after* prior complaints had been made to Pallares" but "Pallares took no action to stop the rapes of female inmates." (*Id.* at 10). Plaintiff argues Pallares is not entitled to qualified immunity because he "knew that female inmates, including [Plaintiff], faced a substantial risk of harm and took no action to protect the female inmates," and the right of prisoners to be free from sexual assault is clearly established. (*Id.* at 11-12). To the extent the Court grants Defendants' Motion, Plaintiff requests an opportunity to amend "to state facts more clearly for the Court." (*Id.* at 12).

**D. Defendant's Reply**

Defendants filed their reply on August 25, 2025. (Doc. No. 39). Defendants argue "Plaintiff's opposition appears to concede that [her] claim against Warden Pallares for 'cruel and

1   unusual punishment/excessive force' does not state a claim against him." (Doc. No. 39 at 2

2   (citing Doc. No. 38 at 3-7)) (record citation omitted).  To the extent Plaintiff's argument can be

3   read as asserting a failure to protect claim, Defendants argue the allegations in the FAC are

4   insufficient to support such a claim. (*Id.* at 2-3).  As to the bodily integrity claim, Defendants

5   argue that *Vazquez* does not support that an inmate can bring such a claim under the Fourteenth

6   Amendment. (*Id.* at 3-4).  Defendants next argue that "Plaintiff's opposition appears to concede

7   that the Third and Fourth claims for relief are an attempt to plead a single claim for 'failure to

8   protect,'" but the FAC "is devoid of facts indicating that Warden Pallares was on notice that

9   Officer Rodriguez posed a substantial risk of serious harm to Plaintiff." (*Id.* at 5).  Finally,

10  Defendants argue Plaintiff should be denied leave to amend because "Plaintiff has had two

11  opportunities to state a claim against Warden Pallares but has failed to do so" and Plaintiff's

12  opposition "only stresses the same threadbare conclusions of the operative pleading, and

13  provide[s] no factual basis that could state a claim against Warden Pallares." (*Id.* at 6).

14  **II.     STANDARD OF REVIEW**

15      A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "tests the

16  legal sufficiency of a claim." *Conservation Force v. Salazar,* 646 F.3d 1240, 1242 (9th Cir.

17  2011).  Dismissal for failure to state a claim is proper if there is a "lack of a cognizable legal

18  theory or the absence of sufficient facts alleged under a cognizable legal theory." *Id.*; *see*

19  *also Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (to survive a motion to dismiss, the

20  complaint must have sufficient facts to state a facially plausible claim to relief).  In deciding a

21  motion under Rule 12(b)(6), the court accepts as true all well-pled factual allegations in the

22  complaint and determines whether the factual allegations are sufficient to state a right to relief

23  above the speculative level. *Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *see also Nw. Envtl. Def. Ctr.*

24  *v. Brown,* 640 F.3d 1063, 1070 (9th Cir. 2011) (court accepts as true all material allegations in the

25  complaint, as well as any reasonable inferences to be drawn from them).

26      "Where a motion to dismiss is granted, a district court must decide whether to grant leave

27  to amend. Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave

28  to amend should be freely granted." *Winebarger v. Pennsylvania Higher Educ. Assistance*

*Agency*, 411 F. Supp. 3d 1070, 1082 (C.D. Cal. 2019) (citation omitted). However, where leave to amend would be futile, because "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency," leave to amend may be denied. *DeSoto v. Yello Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III.   ANALYSIS

At the outset, Defendants' Motion indicates that it is also filed on behalf of "Dotson," who was "[e]rroneously identified on the summons as 'A.W. Dodson.'" (Doc. No. 24 at 1, n.1). However, as Defendants point out, Dotson was not named as a defendant or otherwise identified in the FAC and is therefore not a party to this action. Thus, because Dotson is not named as a Defendant he need not be dismissed.

Further, Defendants' Motion also is brought on behalf of Defendant CDCR. While Defendants request dismissal of CDCR and ask that the Court screen the complaint as to all unserved defendants, Plaintiff's subsequent voluntary dismissal of all defendants except Pallares and Rodriguez moots this request. Accordingly, the remainder of these Findings and Recommendations will focus on the parties' arguments concerning Plaintiff's claims against Warden Pallares in his individual capacity.

**A. Eighth Amendment**

Both Plaintiff's first claim for cruel and unusual punishment/excessive force and her third claim for failure to protect arise under the Eighth Amendment, which "prohibits cruel and unusual punishment in penal institutions." *Wood v. Beauclair*, 692 F.3d 1041, 1045 (9th Cir. 2012). "Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." *Id.* at 1046. Additionally, under the Eighth Amendment, prison officials have an affirmative obligation to protect prisoners from violence inflicted by others. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Labatad v. Corrs. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013). The failure of prison officials to protect inmates from attacks "may rise to the level of an Eighth Amendment violation if prison officials know of and disregard a substantial risk of serious harm to the plaintiff." *Thomas v. Hernandez*, No. 2:21-cv-01638-TLN-DMC-P, 2022 WL 1173339, at *4 (E.D. Cal. Apr. 20, 2022) (citing *Farmer*, 511 U.S. at 847, *Hearns v. Terhune*, 413 F.3d 1036,

1040 (9th Cir. 2005)). Accordingly, to state a failure to protect claim, the prisoner must establish that the prison official was deliberately indifferent to a serious threat to the plaintiff's safety. *Farmer*, 511 U.S. at 834. Deliberate indifference includes both subjective and objective components: "[a] prison official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and must also draw the inference." *Labatad*, 714 F.3d at 1160 (quoting *Farmer*, 511 U.S. at 837). "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Id.* (quoting *Farmer*, 511 U.S. at 847).

Here, the FAC does not contain any allegations that Pallares was directly involved in sexually assaulting Plaintiff nor does Plaintiff argue in her opposition that Pallares was directly involved in assaulting her. (*See* Doc. Nos. 9, 38). While Plaintiff argues that "[i]n other cases, some of which have been related to this, Warden Pallares was an actual participant in the sexual assaults" (Doc. No. 38 at 2), this case is separate from the related cases and must include sufficient facts to support Plaintiff's individual claims within the FAC. Plaintiff's total failure to allege facts indicating that Pallares was involved in her alleged assaults is fatal to her cruel and unusual punishment claim against him.

Turning to the failure to protect claim, the FAC is similarly devoid of facts to establish that Pallares acted with deliberate indifference to Plaintiff's safety. Plaintiff makes conclusory allegations that Pallares "did not properly investigate prior claims of sexual harassment, physical and sexual assaults committed against inmates by Defendants at CCWF." (Doc. No. 9 at 8). However, the FAC fails to provide any specific facts as to when, how, or to whom previous claims of sexual assault were made. Despite asserting in her opposition that "claims against Officer Rodriguez had been made against Officer Rodriguez for years prior to [Plaintiff's] claims" and Rodriguez's "methods" were "well known throughout the prison," Plaintiff does not allege any fact to support these assertions in the FAC. (Doc. No. 38 at 6-7; *see generally* Doc. No. 9). *See, e.g.*, *Wood*, 692 F.3d at 1051 (prison officials not liable for sexual assault by guard where prisoner never disclosed guard's actions to prison officials until after the incidents occurred); *see also Khan v. Pantoja*, No. 24-CV-03904 BLF (PR), 2024 WL 4951262, at *3

1  (N.D. Cal. Dec. 2, 2024) (finding fact that correctional officer had several complaints of sexual
2  misbehavior against him is not sufficient to alert prison official that there existed a serious risk of
3  harm to particular plaintiff).

4      Further, the assertions in the opposition still fail to identify specific reports of misconduct,
5  including an approximate time period as to when the reports were made, who received the reports,
6  and the alleged conduct that was the subject of the report in a way that would allow the Court to
7  conclude Pallares had knowledge of the risk of harm to Plaintiff. (Doc. No. 38 at 6-7). Without
8  more, Plaintiff's conclusory allegations fall short of establishing that Pallares not only knew of a
9  substantial risk of serious harm to Plaintiff but also failed to take measures to abate that risk. *See*
10 *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012) (plaintiff's conclusory allegations were
11 insufficient when they did not include "a *specific* event or events instigated by the Defendants
12 that led to" the constitutional violation). Thus, Plaintiff has also failed to state an Eighth
13 Amendment failure to protect claim against Pallares.

14     **B. Fourteenth Amendment**

15     Plaintiff's second claim alleges Defendants violated her Fourteenth Amendment right to
16 bodily integrity when they sexually assaulted her. (Doc. No. 9 at 7-8). However, as Defendants
17 argue, Plaintiff's status as an inmate means that her claim necessarily arises under the Eighth
18 rather than Fourteenth Amendment. As discussed above, the Ninth Circuit has concluded that
19 "[s]exual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth
20 Amendment." *Wood*, 692 F.3d at 1046. "[I]f a constitutional claim is covered by a specific
21 constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed
22 under the standard appropriate to that specific provision, not under the rubric of substantive due
23 process." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) (citing *Graham v. Connor*, 490
24 U.S. 386, 394 (1989)). Accordingly, Plaintiff's right to bodily integrity claim is more properly
25 analyzed as a claim under the Eighth Amendment and fails for the reasons discussed above—the
26 failure to allege any facts indicating Pallares was involved in her assault. *See Perkins v.*
27 *Woodford*, 453 F. App'x 711 (9th Cir. 2011) (noting that the district court properly construed
28 state prisoner's Fourteenth Amendment due process claim based on deliberate indifference to his

medical needs as an Eighth Amendment claim) (citing *Graham*, 490 U.S. at 395).

While Plaintiff relies on *Vazquez* to support that she can pursue a Fourteenth Amendment bodily integrity claim separate from her Eighth Amendment claim, such argument is unavailing. In *Vazquez*, the Ninth Circuit observed that "most cases that involve unwanted sexual contact or harassment by public officials have been analyzed under the substantive due process right to be free from violations of bodily integrity under the Fourteenth Amendment." 949 F.3d at 1162. However, in a footnote, the Ninth Circuit explained that "[c]ases involving unwanted sexual contact or harassment by public officials during an arrest or custodial situation are evaluated under the Fourth Amendment." *Id.* at 1162 n.6. Thus, consistent with *Lanier*, the Ninth Circuit recognized that when a claim arose under a specific constitutional amendment, it must be analyzed under that amendment rather than under the more general umbrella of substantive due process. Consideration of Plaintiff's bodily integrity claim as a claim for cruel and unusual punishment under the Eighth Amendment, rather than as a substantive due process claim under the Fourteenth Amendment, is thus appropriate and consistent with *Vazquez*.

### C. Supervisory Liability

Finally, Plaintiff asserts a supervisory liability claim against Pallares. (Doc. No. 9 at 9-11). Under § 1983, "[g]overnment officials may not be held liable for unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676. Thus, to show that a supervisor is liable for a constitutional violation, a plaintiff may not rely on the alleged misconduct of the supervisor's subordinates; rather, he "must plead that each Government-official defendant, through the individual's own actions, has violated the Constitution." *Id.*

"A supervisory official is liable under § 1983 [if] there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (citation modified). "The requisite causal connection can be established … by setting in motion a series of acts by others… or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Starr v. Baca*, 652 F.3d 1202, 1207-

10

08 (9th Cir. 2011) (citation modified). "Thus, a supervisor may be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Rodriguez*, 891 F.3d at 798 (citation modified); *see also Corales v. Bennet*, 567 F.3d 554, 570 (9th Cir. 2009) ("Supervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others.").

Based on the foregoing, a § 1983 claim against a supervisor can proceed so long as the supervisor took or failed to take actions that were casually connected to the alleged harm. Additionally, because this is the pleading stage, Plaintiff need only plead supervisory liability, not prove it.

Here, Plaintiff alleges that Pallares "recklessly and with conscious disregard to known and obvious risks to [Plaintiff's] safety, failed to protect Plaintiff and other inmates from pervasive physical and sexual assaults" and his conduct "amounts to deliberate indifference to the rights of [Plaintiff]." (Doc. No. 9 at 10-11). As Defendants argue, this claim is duplicative of Plaintiff's failure to protect claim and is thus subject to dismissal for the same reasons discussed above.

### D. Qualified Immunity

Defendants argue Pallares is entitled to qualified immunity on Plaintiff's claims. (Doc. No. 24-1 at 9, 11, 14-15). Having found Plaintiff fails to state a claim against Pallares, the undersigned declines to address qualified immunity at this time.

### E. Leave to Amend

"Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Cervantez v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

Here, it is not clear that amendment would not cure the pleading deficiencies in Plaintiff's

Eighth Amendment claims against Pallares. Significantly, in her opposition but not in her FAC, Plaintiff alleges that Pallares "was an actual participant in the sexual assaults" of inmates other than Plaintiff. (Doc. 38 at 2). Additionally, Plaintiff seems to argue that the sexual assaults against inmates were so pervasive that it would have been impossible for Pallares not to know they were occurring. (*Id.* at 6-7). Finally, Plaintiff alleges that she was assaulted "*after* prior complaints had been made to Pallares" and "Pallares took no action to stop the rapes of female inmates by Rodriguez." (*Id.* at 10). To the extent Plaintiff can assert specific facts to support these allegations in a sworn amended complaint, such would likely be sufficient to state an Eighth Amendment claim against Pallares. Additionally, discovery may subsequently reveal facts that Pallares had notice of the alleged sexual assaults. Thus, the undersigned finds that any dismissal should be without prejudice.

However, leave to amend Plaintiff's Fourteenth Amendment bodily integrity claim is not warranted because amendment would be futile. As discussed above, Plaintiff's claim is properly considered under the Eighth rather than Fourteenth Amendment.

Accordingly, it is **ORDERED**:

1. The July 31, 2025 Order to Show Cause (Doc. No. 35) is discharged.
2. The Clerk shall correct the docket caption to reflect that this case remains pending only as to Defendants Greg Rodriguez and Michael Pallares.

Additionally, it is **RECOMMENDED**:

1. Defendants' Motion to Dismiss (Doc. No. 24) be **GRANTED** with respect to Plaintiff's claims against Pallares.
2. Defendants' Motion to Dismiss (Doc. No. 24) be **DENIED as moot** with respect to CDCR and Dotson and the request that the Court screen the FAC.
3. Plaintiff's FAC (Doc. No. 9) be **DISMISSED without prejudice as to Defendant Pallares** with Plaintiff granted leave to file a second amended complaint within twenty-one days of the district court's adoption of these Findings and Recommendations or after discovery if further facts are developed.

////

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id*.; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).


Dated:     September 25, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE